IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2010

## STATE OF TENNESSEE  v. MICHAEL HUGO BROOKS

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8864      C. Creed McGinley, Judge**

**No. W2009-00274-CCA-R3-CD  - Filed February 11, 2010**

The defendant, Michael Hugo Brooks, was convicted by a Hardin County jury of DUI, third offense, and was sentenced by the trial court to 11 months, 29 days, with 120 days to serve in the county jail followed by probation.  The sole issue the defendant raises in this appeal is whether the trial court committed plain error by denying his motion to suppress.  Based on our review, we conclude that he has not shown the existence of plain error in the trial court's ruling.  Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Ryan B. Feeney, Selmer, Tennessee, for the appellant, Michael Hugo Brooks.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Hansel J. McCadams, District Attorney General; and Frankie K. Stanfill and Ed N. McDaniel, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On the night of March 30, 2008, the defendant was driving on Clifton Road in Hardin County when he lost control of his vehicle and crashed, with his vehicle coming to rest on its side in the middle of the road.  Savannah Police Officer Scotty Love, who responded to the scene of the single-vehicle accident, observed opened containers of beer scattered across the roadway and inside the vehicle and smelled alcohol on the defendant's breath. The defendant initially admitted to the officer that he was the driver of the vehicle and that he had

not been wearing his seatbelt at the time of the crash. After failing field sobriety tests, the defendant also admitted that he had been drinking. The defendant refused to submit to a blood-alcohol test. He was subsequently indicted for DUI, third offense, violation of the implied consent law, and violation of compliance with the financial responsibility law. The violation of compliance with the financial responsibility law count of the indictment was later dismissed. The defendant was found guilty by a jury of DUI, third offense, and guilty at a bench trial of violation of the implied consent law.

The defendant alleged in his pretrial motions to suppress that "all evidence seized, including statements, confessions, or admissions," should be suppressed because he was unlawfully seized, questioned without being advised of his Miranda rights, and arrested without a warrant or probable cause. The only witness at the suppression hearing was Officer Love, who described his investigation of the accident and subsequent arrest of the defendant. He testified that when he arrived at the scene bystanders directed him to a house approximately fifty feet away, where he found the defendant, who was the registered owner of the vehicle. He said that he questioned the defendant, who admitted that he had been driving the vehicle. Because he smelled alcohol on the defendant's breath and observed containers of alcohol in the vehicle that had been "opened with the top pulled back," he asked the defendant to perform three field sobriety tests. The defendant was unable to perform the tests satisfactorily, and at that point Officer Love placed him under arrest for DUI. Officer Love acknowledged that the defendant was not free to leave at the time he questioned him, stating that he "was being detained for investigation of a motor vehicle accident." He further acknowledged that he did not read the defendant his Miranda rights before questioning him about the accident.

At the conclusion of the hearing, the trial court denied the motion to suppress, concluding that there was no Fourth Amendment violation in the case. Among other things, the court found that the police officer was legitimately investigating a motor vehicle accident when he questioned the defendant and that he lawfully arrested him for DUI following the defendant's failure to successfully complete the field sobriety tests.

## ANALYSIS

The defendant concedes that he failed to file a motion for new trial but contends that the trial court's denial of his motion to suppress constitutes plain error. We respectfully disagree.

The doctrine of plain error provides that "[w]hen necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." Tenn. R. App. P. 36(b). In order for us to find plain error,

"(a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is necessary to do substantial justice."

State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). The presence of all five factors must be established by the record before we will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one factor cannot be established. Id. at 283.

We conclude that the prerequisites for a finding of plain error are not satisfied in this case. The defendant argues that a clear and unequivocal rule of law was breached because Officer Love violated his Fourth Amendment rights by conducting an unlawful search, seizure and arrest. He points out that the officer did not observe the accident and complains about the officer's having questioned him about the accident and his drinking without first advising him of his Miranda rights. However, as the State points out, the United States Supreme Court has held that a person who is temporarily detained for a traffic stop, including one involving intoxication, is not "in custody" for the purposes of Miranda. See Berkemer v. McCarty, 468 U.S. 420, 442, 104 S. Ct. 3138, 3151 (1984). Applying Berkemer, this court has concluded that "asking a modest number of questions and requesting the performance of sobriety tests at a location visible to passing motorists do not, by themselves, constitute treatment that can fairly be characterized as the functional equivalent of a formal arrest." State v. Roger Odell Godfrey, No. 03C01-9402-CR-00076, 1995 WL 120464, at *3 (Tenn. Crim. App. Mar. 20, 1995) (citations omitted); see also State v. David Lane Goss, No. M2006-01467-CCA-R3-CD, 2007 WL 2200284, at *4 (Tenn. Crim. App. July 31, 2007), perm. to appeal denied (Tenn. Feb. 4, 2008) (finding that officers did not violate defendant's Miranda rights by repeatedly asking him if he had been drinking prior to placing him under formal arrest); State v. Mary Ann McNeilly, No. M2005-02184-CCA-R3-CD, 2006 WL 3498043, at *6 (Tenn. Crim. App. Nov. 22, 2006) (applying Berkemer to conclude that defendant was not in custody at the time she made incriminating statement to officer investigating traffic accident). Based on these cases, the trial court properly found that there was no Fourth Amendment violation in the case. The defendant cannot show that a clear and unequivocal rule of law was breached, that a substantial right was affected, or that consideration of the alleged error is necessary to do substantial justice.

## CONCLUSION

We conclude that the defendant has not shown that plain error occurred in this case. Accordingly, the judgment of the trial court is affirmed.

_____

ALAN E. GLENN, JUDGE